IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAMILA THOMPSON, ) | |
| ) | |
| ) | |
| Plaintiff, ) | Case No. 19-cv-00634 |
| ) | |
| vs. ) | |
| ) | |
| STATE COLLECTION SERVICE, INC, ) | |
| ) | <u>Jury Demanded</u> |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Camila Thompson, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

## STANDING

3. Defendant sent Plaintiff collection letters that failed to provide her statutorily required notice of rights under the FDCPA.

4. Plaintiff has a congressionally defined right to receive all communications from a debt collector with adequate disclosure of her rights under the law. *E.g. Genova v. IC Sys., Inc.*, No. CV 16-5621, 2017 WL 2289289, at *3 (D.N.J. May 25, 2017).

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting

1

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Camila Thompson, ("Plaintiff"), is a resident of the state of Illinois from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted medical account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7. Defendant State Collection Service, Inc. ("SCS") is a Wisconsin corporation that does or transacts business in Illinois. Its registered agent and office is C T Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604. (Exhibit A, Record from Illinois Secretary of State).

8. SCS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. SCS holds a collection agency license from the State of Illinois and is a Licensed Collection Agency, as that term is defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq., and attempts to collect debts originally owed to others. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

10. SCS is a "debt collector" as defined in in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

11. According to Defendant, Plaintiff incurred a medical debt, originally for services provided by Advocate Christ Medical Center ("alleged debt"). The alleged debt is a "debt" as that term is defined at § 1692a(5) of the FDCPA.

12. Due to her financial circumstances, Plaintiff could not pay any debts, and the alleged debt went into default.

13. SCS subsequently began collecting the alleged debt.

14. On or about July 5, 2018, SCS sent a collection letter ("Letter") to Plaintiff regarding the alleged debt. (Exhibit C, First Letter).

15. The Letter conveyed information regarding the alleged debt, including an SCS account number assigned to the alleged debt.

16. The Letter was thus a communication as that term is defined at §1692a(2) of the FDCPA.

17. The Letter claimed a balance of $574.22 on Account # 48048714.

18. On or about August 3, 2018, SCS sent another collection letter ("Second Letter") to Plaintiff regarding an alleged debt. (Exhibit D, Second Letter).

19. The Letter conveyed information regarding the alleged debt, including an SCS account number assigned to the alleged debt.

20. The Letter was thus a communication as that term is defined at §1692a(2) of the FDCPA.

21. On or about September 3, 2018, SCS sent a third collection letter ("Third Letter") to Plaintiff regarding an alleged debt. (Exhibit E, Third Letter).

22. The Letter conveyed information regarding the alleged debt, including an SCS account number assigned to the alleged debt.

23. The Letter was thus a communication as that term is defined at §1692a(2) of the FDCPA.

24. The First and Third Letters were both collecting on account number 48048714 ("Account 8714").

25. The balance on Account 8714 increased by $914.10 between the two letters.

26. The Third Letter was the initial communication with Plaintiff regarding the new higher balance of Account 8714.

27. However, the Third Letter did not contain any of the statutorily required notices of Plaintiff's right to dispute the new increased balance, to request verification or to request the name and address of the original creditor.

28. Such a notice is required by the FDCPA for any initial communication in connection with the attempt to collect a debt.

29. 15 U.S.C. § 1692g(a) of the FDCPA provides as follows:

**(a) Notice of debt; contents**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

4

> **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. . . .**

30. SCS failed to provide notice of Plaintiff's right to dispute an alleged debt, and to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(3)-(5) of the FDCPA.

31. The absence of Plaintiff's validation rights is particularly relevant here because the Second Letter attempts to collect the same $914.10, but under Account #49371159 (Account 1159).

32. SCS was attempting to collect the same debt twice, once under Account 8714 and once under Account 1159.

33. Plaintiff cannot owe the same debt under two different account numbers, so one of the allegations is false.

34. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (2) The false representation of—**
>
> > **(A) the character, amount, or legal status of any debt; or…**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

35. SCS misrepresented the character of an alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(a) when it represented that the same debt was owed under two different account numbers.

36. Violations of the FDCPA which would influence a consumer's decision to pay a debt are material. *Boucher v. Fin. Sys. of Green Bay, Inc.*, No. 17-2308, 2018 WL 443885, at *2 (7th Cir. Jan. 17, 2018) (citing *Muha v. Encore Receivable Mgmt., Inc.*, 558 F.3d 623, 628 (7th Cir. 2009)). Here, SCS's representation that Plaintiff owed an amount under two different account numbers could reasonably cause Plaintiff to pay both accounts thereby paying more than what is alleged as owed.

37. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **Unfair practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

38. SCS attempted to collect an additional $914.10 not authorized by any agreement or permitted by law, in violation of §§ 1692f and 1692f(1) of the FDCPA, when it attempted to collect the amount twice under two different account numbers.

39. Defendant's attempt to collect an alleged debt twice causes negative emotions of frustration, annoyance, agitation, and other garden variety emotional distress.

40. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

6

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

41. SCS failed to provide notice of Plaintiff's right to dispute an alleged debt, and to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(3)-(5) of the FDCPA.

42. SCS misrepresented the character of an alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(a) when it represented that the same debt was owed under two different account numbers.

43. SCS attempted to collect an additional $914.10 not authorized by any agreement or permitted by law, in violation of §§ 1692f and 1692f(1) of the FDCPA, when it attempted to collect the amount twice under two different account numbers.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant as follows:

    A. Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

    B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

    D. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Michael J. Wood
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com